CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist HARRY J. CIBOROWSKI**
**United States Army, Appellant**

ARMY 20150544

Headquarters, 7th Infantry Division
Jeffery D. Lippert, Military Judge (arraignment)
Sean F. Mangan, Military Judge (trial)
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Amanda McNeil Williams, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Cormac M. Smith, JA; Captain John Gardella, JA (on brief).

17 January 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

Appellant was charged with a single specification of forcible rape in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. At his general court-martial the government's evidence primarily consisted of the victim's testimony and appellant's confession. A panel of enlisted and officer members convicted appellant of the lesser-included Article 120, UCMJ, offense of sexual assault and sentenced him to a dishonorable discharge, confinement for three years, and a reduction to the grade of E-1. The convening authority approved the sentence.

On appeal, appellant's sole assignment of error is that the military judge abused his discretion in denying the defense motion for mistrial.[1]  In this case, the government introduced into evidence, without objection, a copy of appellant's interrogation by law enforcement.  The government then proceeded to publish the video to the panel.  As the video was played, at two instances, the defense objected to references involving a future polygraph examination.

Military Rule of Evidence [hereinafter Mil. R. Evid.] 707 prohibits the admission of "the results of a polygraph examination, the opinion of a polygraph examiner, or any reference to an offer to take, failure to take, or taking of a polygraph examination."

After a series of Article 39(a), UCMJ, sessions the military judge took several curative steps.  Appellant nonetheless moved for a mistrial.  We find the military judge did not abuse his discretion in denying the motion for a mistrial.

## BACKGROUND

Near the end of a seven-hour interview, appellant confessed that "the sex that occurred between [appellant and the victim] was not consensual" because "[appellant's] actions made her scared and afraid."  Appellant described his actions as constituting "rape."

Rather than introduce only appellant's inculpatory statements, the government made the tactical decision to introduce a five-and-a-half-hour portion of the interrogation.  In a proffer to the military judge, the government explained that they wanted to present to the panel appellant's contradictory and changing statements made during the interrogation in order to credit his ultimate admissions.  The entire video was seven hours and forty-eight minutes long.  The government's proffer stated that they would edit the video to: omit specific instances where the accused was alone in the interrogation room; delete portions of the interrogation that involved discussions that were inadmissible under Mil. R. Evid. 412; remove appellant's discussion of uncharged misconduct; and, critically here, delete about one and a half minutes where the appellant discussed the possibility of taking a polygraph examination.  The government's proffer did not explicitly claim to have scrubbed the video of all references to or mentions of the possibility of a polygraph or other objectionable evidence.

At trial, the government stated that the defense had received several emails about proposed redactions to the video, but defense had not provided a response.

---

[1] Appellant's personal submissions made in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not merit discussion or relief.

Further, the government stated it had provided the defense a final copy of the edited video two days prior to trial and defense counsel did not voice any objections or request any additional redactions. The government offered the edited video into evidence. The military judge admitted the video after determining the defense had no objection.

### A. Strike One.

During the playing of the video, in response to appellant's claim of lack of memory, Special Agent Berry told the accused "Well, if you don't remember it, the polygraph will say you are not lying. Because you can't lie about something you don't remember." Appellant responded, "I got that, but I don't trust those things because - - . . . ." The defense objected, and the playing of the video stopped.

During an Article 39(a), UCMJ, session the defense moved for a mistrial and in the alternative asked for an abatement so that the government could review the video to confirm there were no other discussions of polygraphs. The government agreed to have a paralegal watch the video before it was played to the panel to "catch" any additional references.

The military judge denied the motion for a mistrial, but agreed to provide the panel with a curative instruction. The military judge then warned the government that in the event of further error he would entertain a defense motion to prohibit the government's further presentation of evidence regarding appellant's confession.

### B. Strike Two.

The government then continued to play the video for the members. The recording included a statement by appellant offering to take a polygraph. The military judge entertained a second motion for a mistrial by the defense. While the military judge denied the defense motion, he crafted a substantial remedy.

First, the military judge prohibited the government from playing the remainder of the video. As the government had not yet played the portion of the video where appellant made inculpatory statements, this was a substantial sanction. Additionally, this exclusion was only applicable to the government. The military judge allowed the defense to introduce any exculpatory part of the video that the defense desired. Second, the military judge directed that the video would not be provided to the members to consider during deliberations. Third, the military judge offered the defense additional opportunities to cross-examine SA Berry.

In formulating his remedy the military judge determined that the danger of wasted time and confusion caused by the repeated delays in the case outweighed the probative value of the evidence. The military judge did allow, however, the government to present appellant's confession through the testimony of SA Berry.

The military judge later instructed the panel regarding how to weigh the evidence regarding appellant's alleged confession. In addition to the two statements regarding polygraphs, the video and the cross-examination of SA Berry included discussions of the UCMJ, fingerprinting, DNA evidence, and references to other witness's statements. The military judge instructed the panel to disregard that evidence.

## LAW AND DISCUSSION

The five-and-a-half-hour video was admitted into evidence without defense objection. Thus, appellant forfeited the right to object to any material contained in the video. At trial, and on appeal, appellant appears to argue that he relied on the government to excise any inadmissible portions of the video. However, the government only promised to redact certain segments which were specifically identified by time stamp.

This case presents a bipartite failure of the adversarial system.[2] Defense counsel, provided with a video that the trial counsel intended to offer, had a duty to review the video and offer any objection. That the video contained hours of appellant's exculpatory statements–which perhaps played into the defense theory of the case–did not lessen the obligation to object to portions of the video that were inadmissible and prejudicial to appellant. The trial counsel, upon making the tactical decision to have the panel *watch five and a half hours of video*, similarly had a duty to ensure that the government's evidence was free from clearly inadmissible material.

There are multiple legal theories with which we could address the issue this case presents. However, whether viewed as an issue of ineffective assistance of counsel for not objecting to the admission of the video,[3] prosecutorial misconduct

---

[2] Consider, that the only reason the defense objected to the evidence at all was because the government opted to publish the entire video in open court. In other words, it is likely that any issue regarding polygraphs would have gone unnoticed if the members had reviewed the evidence only during deliberations.

[3] Appellant does not allege that his counsel was ineffective for failing to object to the admission of a video that contained references to polygraphs. Under *Strickland v. Washington*, it is appellant's burden on appeal to establish both the deficient performance by counsel and prejudice. 466 U.S. 668, 692 (1984) (". . . any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance of counsel.").

for offering a video with clearly objectionable material, plain error by the military judge for admitting the video,[4] or abuse of discretion by the military judge for denying the motion for a mistrial, ultimately, we can decide this case based on the lack of prejudice to appellant. Accordingly, we will address the issue as it was assigned: whether the military judge abused his discretion in denying the defense motion for a mistrial. The military judge's determination was as follows:

> The law regarding this trial as contained in the Court of Military Appeals, 1990 decision of *U.S. v. Raschats* [sic][*United States v. Rushatz*, 31 M.J. 450, 456 (C.A.A.F. 1990)], suggests or reminds the court judges that - - and [a mistrial] is a dramatic remedy used for on [sic] the most extreme circumstances, and not as Defense is suggesting in its argument, the only remedy before the court. The Court of Appeals for the Armed Forces 1999 decision of *Behrens* [sic][*United States v. Barron*, 52 M.J. 1, 4 (C.A.A.F. 1999)] says [a mistrial] should only be done, as defense correctly quotes, in circumstances that arise that casts substantial doubt upon the fairness and impartiality of the trial. In my analysis of the legal standards and the facts in the case, and considering the totality of the evidence presented so far in the case and my ability to observe the members and the witnesses in the courtroom[,] I find that such circumstances have not arisen and, therefore, I am denying the defense motion for a mistrial.

We review the military judge's decision for an abuse of discretion. "The decision to grant a mistrial lies within the discretion of the military judge; an appellate court must not reverse the decision absent clear evidence of abuse of that discretion." *United States v. Taylor,* 53 M.J. 195, 198 (C.A.A.F. 2000). Indeed, the remedy taken by this military judge is the "preferred remedy for correcting error when the court members have heard inadmissible evidence." *Id.*

Here, we agree with the military judge that a curative instruction (combined with prohibiting the government from further presenting evidence of the video) was a sufficient remedy.

---

[4] When a video is admitted without objection, we cannot fault the military judge for not viewing the entire exhibit before admitting it. Accordingly, we do not find that the military judge committed plain error.

In general, evidence regarding polygraphs is inadmissible under Mil. R. Evid. 707. However, the key question here is not so much was the evidence admissible, but rather to what extent was appellant prejudiced by its initial admission.

Evidence that a witness passed or failed a polygraph may often be highly prejudicial because it invites the factfinders to substitute their own credibility determination for that of the polygraph machine. Evidence that a witness refused (as is more often the case) to take a polygraph is likewise often prejudicial because it invites the factfinder to infer that only a deceitful witness would refuse a polygraph. Because of its specific prohibition in the rules and its potential for being highly prejudicial, evidence concerning polygraphs has been treated as court-martial kryptonite. However, to say that evidence concerning polygraphs is often prejudicial is not to say it must always be so. The devil is in the details.

Here, the panel heard two references to polygraphs.[5] In the first, SA Berry told the accused that a polygraph would reveal whether he was being truthful. In the second, appellant offered to take a polygraph. On balance, and taken in the context of the entire trial, neither was obviously prejudicial. For example, the latter instance where appellant offered to take a polygraph is more easily read as revealing that appellant had nothing to hide.[6] That is, it had the likely effect of bolstering appellant's credibility.

Moreover, our role on appeal is not to stand in the shoes of the military judge. "The abuse of discretion standard calls for more than a mere difference of opinion." *United States v. Wicks*, 73 M.J. 93, 98 (C.A.A.F. 2014). That is, we give the military judge deference, especially when, as here, his decision is based in part on his specific observations of the "members and the witnesses in the courtroom. . . ."

---

[5] That the panel actually heard the references to polygraphs and understood their context is unclear. The record demonstrates that the reference to polygraphs passed unnoticed by some of the parties. In summarizing the R.C.M. 802 session the military judge noted that it took "several minutes of searching [the audio]. . . to find and understand exactly what was said . . . ." The military judge later found as fact that "[t]he comment was brief," that "it was heard by only one member of the two member defense team," and that "the time it took to find it was difficult only because it was a short comment." To the extent that a reference to polygraphs was fleeting, it lessens the possibility that appellant was prejudiced.

[6] In his brief, appellant does articulate possible prejudice from his offer to take a polygraph. First, he assumes that the panel would infer that a polygraph had taken place. Next, he claims that the panel would infer that he failed the polygraph because the charges were referred to court-martial. This articulation of prejudice requires inference upon inference.

Accordingly, we find the military judge did not abuse his discretion in denying the defense motion for mistrial. *See United States v. Doctor*, No. 201300187, 2014 CCA Lexis 192, at *10 (N-M. Ct. Crim. App. 27 Mar. 2014) (finding the military judge did not err in denying a motion for mistrial when evidence of an offer and agreement to take a polygraph was mistakenly put in front of the panel).

## CONCLUSION

The findings and sentence are AFFIRMED.[7]

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[7] Corrected

7